In the Matter of the Claim of CHARLES HOLSTEIN, Respondent, against THE CITY OF NEW YORK, Self-Insured Employer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 18, 1939.

*William C. Chanler, Corporation Counsel [James Hall Prothero, Edith I. Spivack and Samuel A. Bloom of counsel], for the appellant.*

*John J. Bennett, Jr., Attorney-General [Leon Freedman, Assistant Attorney-General, of counsel], for the respondent State Industrial Board.*

*Abraham Markhoff, for the claimant-respondent.*

RHODES, J. The Board has found that " the claimant's physical condition requires continuous nursing and attention and the reasonable value of such services is fixed at the sum of $3.00 per day and it was conceded by the self-insured employer that the sum of $3.00 a day was a reasonable sum for such services."

The portion of the award complained of is in the following language: " A further award is made to the claimant's mother for nursing services at $21.00 per week, beginning March 17, 1938, and said sum per week shall be paid to her during the time she is performing such services."

Appellant's objection is that the statute (Workmen's Comp. Law) does not permit such an award to a third person. Section 13 requires the employer to furnish the employee nursing and hospital service, etc. Section 25 requires prompt payment of compensation to the person entitled thereto, and section 33 requires that " compensation and benefits shall be paid only to employees or their dependents." See, also, sections 10, 11 and 24, and no lien thereon is provided for except for the services of attorneys and physicians pursuant to the provisions of section 24. (See *Matter of Walsh* v. *Brooklyn Daily Eagle,* 262 N. Y. 657.)

There is evidence supporting the finding that the representative of the employer consented to the amount to be paid for nursing services. The award, however, is improper in form, as it should be made to claimant and not to the person performing such services.

The award, so far as appealed from, should be modified so as to read as follows: " A further award is made to the claimant for expenses incurred and to be incurred for nursing services at $21.00 per week, beginning March 17, 1938," and as thus modified affirmed, without costs.

HILL, P. J., McNAMEE and BLISS, JJ., concur; CRAPSER, J., dissents on the ground that the Industrial Board was without authority to make the award to claimant's mother, for nursing, under the provisions of section 13 of the Workmen's Compensation Law.

The award, so far as appealed from, is modified so as to read as follows: " A further award is made to the claimant for expenses incurred and to be incurred for nursing services at $21.00 per week, beginning March 17, 1938," and as thus modified affirmed, without costs.